# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HERBERT R. LEWIS JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1256-F |
| | ) |
| **STATE OF OKLAHOMA et al.,** | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Herbert R. Lewis Jr., a state pretrial detainee appearing pro se, has conditionally filed an action under 42 U.S.C. § 1983, alleging that several state and local officials violated his constitutional right to access the courts. *See* Am. Compl. (Doc. No. 6) at 6, 8-9. United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for proceedings under 28 U.S.C. § 636. The matter is now before the Court on Plaintiff's amended Application for Leave to Proceed *In Forma Pauperis* ("IFP Application") and supporting affidavit (Doc. No. 7), in which he seeks leave to commence this action without paying the civil filing fees and costs or giving security therefor.

## BACKGROUND

Before granting Plaintiff's IFP Application, the Court must determine whether Plaintiff "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in" any federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless

[Plaintiff] is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g), (h).

Plaintiff indicated in his Amended Complaint that he had filed three other federal civil actions while detained or incarcerated in any facility, and that each civil action was "withdrawn [or] dismissed w/o prejudice." *See* Am. Compl. at 3-4 (citing *Lewis v. Hauf*, No. CIV-11-196-F (W.D. Okla. filed Feb. 24, 2011); *Lewis v. Outlaw*, No. 2:10-cv-131 (E.D. Ark. filed Sept. 13, 2010); *Lewis v. Hudson*, No. CIV-05-177-F (W.D. Okla. filed Feb. 11, 2005)). One of these actions was dismissed on grounds that could invoke a "strike" for purposes of 28 U.S.C. § 1915(g) under governing Tenth Circuit law. *See* First Order to Show Cause (Doc. No. 8) at 1 & n.2. Further, in reviewing Plaintiff's IFP Application and Amended Complaint along with publicly available records, the Court found at least four federal civil actions filed by a prisoner with the same name as Plaintiff that had been dismissed as frivolous, malicious, or because they failed to state a claim for which relief could be granted. *See id.* at 1-4.

Rather than recommending denial of Plaintiff's IFP Application, however, the Court gave Plaintiff an opportunity to show that he had not "struck out" under 28 U.S.C. § 1915(g). *See id.* The Court instructed Plaintiff to inform the Court whether or not he was the Plaintiff in any of the four civil actions identified in the Court's Order to Show Cause. *Id.* at 3-4. Plaintiff timely filed a response stating that he was uncertain "what the Court is seeking." *See* Pl.'s Resp. to First Order to Show Cause (Doc. No. 9) at 1.

On February 3, 2016, the Court gave Plaintiff a final opportunity to support his IFP application. *See* Second Order to Show Cause (Doc. No. 10) at 1-3; *see also* Order to

2

Cure Deficiency (Doc. No. 5) at 1-3. The Court's Second Order to Show Cause listed the same four civil actions—along with each action's named plaintiff and defendants, venue, and dates filed and dismissed—initiated by a prisoner named "Herbert Lewis" that had been dismissed as frivolous, malicious, or because they failed to state a claim for which relief could be granted.[1] Second Order to Show Cause at 2; *see also* First Order to Show Cause at 3-4. The Court explained to Plaintiff that it had "sufficient information to reasonably conclude that Plaintiff filed each of these civil actions," and that, as a result, Plaintiff was not entitled to IFP status in this case. Second Order to Show Cause at 3; *see also* First Order to Show Cause at 3-4. The Court instructed Plaintiff to inform the Court, in writing and under penalty of perjury, "if he was not a plaintiff in any of the cases listed" in the Court's Second Order to Show Cause. *See* Second Order to Show Cause at 3 (emphasis omitted). Plaintiff timely filed a response, which reads in relevant part:

> The Plaintiff is saying in the affirmative that he is one and the same Respondent showed in the said previous civil rights complaints filed December 1993, May 2000, November 2001, [and] May 2012.
>
> . . . .
>
> But as to the Court's Second Order to Show Cause I am the same Rev. Col. Herbert R. Lewis as stated on page 2 in the information To Show Cause Second Order.

---

[1] These were: *Lewis v. Glanz*, No. 4:12-cv-261 (N.D. Okla. filed May 4, 2012) (dismissed for failure to prosecute, or, in the alternative, failure to state a claim upon which relief could be granted); *Lewis v. City of Tulsa*, No. 4:01-cv-856 (N.D. Okla. filed Nov. 21, 2001) (dismissed for failure to state a claim upon which relief could be granted); *Lewis v. Corr. Corp. of Am.*, No. 4:00-cv-369 (N.D. Okla. filed May 1, 2000) (same); and *Lewis v. Oklahoma*, 4:93-cv-1130 (N.D. Okla. filed Dec. 22, 1993) (dismissed as frivolous).

*See* Pl.'s Resp. to Second Order to Show Cause at 1-2 (punctuation and capitalization altered). Plaintiff's IFP Application, as amended and supplemented by his later filings, is now ripe for review.

ANALYSIS

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This statutory provision generally "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal quotation marks omitted).

In the Tenth Circuit, a dismissal of a civil action counts as a strike for the purposes of 28 U.S.C. § 1915(g) when the action is dismissed as "frivolous, malicious, or for failure to state a claim," including if the dismissal is premised upon 28 U.S.C. §§ 1915(e)(2)(B) or 1915A. *See Childs*, 713 F.3d at 1266; *Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011). "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

4

1. <u>Strike One</u> – *Lewis v. Corrections Corporation of America*, No. 4:00-cv-369 (N.D. Okla. filed May 1, 2000)

Plaintiff filed this civil action while incarcerated at the David L. Moss Criminal Justice Center in Tulsa, Oklahoma. *See* Compl. (No. 4:00-cv-369, Doc. No. 1) at 1-5; Order (No. 4:00-cv-369, Doc. No. 5) at 1-5; Pl.'s Resp. to Second Order to Show Cause at 1-2. The district court dismissed this action under § 1915(e)(2)(B)(ii) because Plaintiff's allegations, even if true, failed to state a claim upon which relief could be granted against any named defendant. *See* Order (No. 4:00-cv-369) at 2, 3-4 (July 18, 2000). Plaintiff did not file a notice of appeal in this case.

2. <u>Strike Two</u> – *Lewis v. City of Tulsa*, No. 4:01-cv-856 (N.D. Okla. filed Nov. 21, 2001)

Plaintiff filed this civil action while incarcerated at the David L. Moss Criminal Justice Center. *See* Am. Compl. (No. 4:01-cv-856, Doc. No. 5) at 1-5; Order (No. 4:01-cv-856, Doc. No. 7) at 3-5; Pl's Resp. to Second Order to Show Cause at 1-2. The district court dismissed the action because Plaintiff's allegations, even if true, "fail[ed] to state a claim on which relief can be granted under 42 U.S.C. § 1983." Order (No. 4:01-cv-856) at 2 (Feb. 26, 2002) (citing Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii)). Plaintiff did not file a notice of appeal in this case.

3. <u>Strike Three</u> – *Lewis v. Hauf*, No. CIV-11-196-F (W.D. Okla. filed Feb. 24, 2011)

Plaintiff filed this civil action while detained at the Payne County Detention Center in Stillwater, Oklahoma. *See* Compl. (Doc. No. 1) at 1-3. The Order dismissing this action under 28 U.S.C. §§ 1915 and 1915A expressly states that the dismissal shall

"count as a 'strike'" for purposes of § 1915(g). Order (No. CIV-11-196-F, Doc. No. 11) at 2 (May 4, 2011). Plaintiff did not file a notice of appeal in this case.

4. Application of 28 U.S.C. § 1915(g)

Because Plaintiff had acquired three strikes pursuant to § 1915(g) and Tenth Circuit authority before he conditionally filed this lawsuit on November 12, 2015, Plaintiff is not entitled to proceed *in forma pauperis* absent a showing that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's filings in this Court do not allege or even suggest that the imminent-danger exception of § 1915(g) applies. *See generally* Am. Compl. at 2-6, 8-10; Pl.'s IFP Appl. at 1-4; Pl.'s Resp. to First Order to Show Cause at 1-2; Pl.'s Resp. to Second Order to Show Cause at 1-2.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the District Judge:

(1) deny Plaintiff's amended Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 7);

(2) order Plaintiff to pay the full $400 filing fee within 21 days of any order adopting this Report and Recommendation, *see* 28 U.S.C. § 1915(g); LCvR3.2, 3.3(e); and

(3) dismiss the action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within 21 days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 15, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that

failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 25th day of March, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE